PER CURIAM.
James 0. Vaughns appeals from a decision of the Court of Appeals for Veterans Claims (“CAVC”) which affirmed a decision of the Board of Veterans’ Appeals (“Board”) denying his claims for service connection for rectal bleeding and upset stomach. Because this court lacks jurisdiction, we dismiss.
BACKGROUND
James 0. Vaughns served on active duty in the United States Air Force from June 1966 to April 1970. Because Mr. Vaughns was stationed in Vietnam from April 1969 to April 1970, he was presumptively exposed to Agent Orange. Since 1969, Mr. Vaughns has suffered from chloracne, a persistent acne presumptively caused by exposure to Agent Orange. This chloracne has caused severe scarring, hyperpigmentation and active lesions covering his head, torso, groin and upper extremities. Mr. Vaughns was treated for his chloracne with Dapsone in 1972 and with Prednisone from 1971 until 1988.
In 1972, Mr. Vaughns claimed service connection for chloracne, hemorrhoids and kidney troubles; the Veterans Administration (“VA”) established service connection for Mr. Vaughns’ chloracne but denied service connection for hemorrhoids and kidney problems. In 1994, Mr. Vaughns amended his claim to include (among other ailments) hemorrhoids, rectal bleeding and upset stomach, all allegedly caused by the Prednisone and Dapsone that he was given to treat his service-connected chloracne. In 1994, 1996 and 1998, the VA Regional Office (“RO”) repeatedly denied service connection for these claimed disabilities. In 1998, Mr. Vaughns appealed to the Board which found service connection for his hemorrhoids but denied service connection for the rectal bleeding and upset stomach. Mr. Vaughns appealed to the CAVC which affirmed the Board’s denial of service connection for rectal bleeding and upset stomach. Vaughns v. Gober, No. 99-1511 (August 10, 2000). Mr. Vaughns timely appealed to this court.
DISCUSSION
This court has limited jurisdiction in reviewing decisions of the CAVC. We may review the validity or interpretation of any *821 statute or regulation relied upon by the CAVC in making its decision. 38 U.S.C. § 7292(a) (1991). We decide relevant questions of law, including interpreting constitutional and statutory provisions. 38 U.S.C. § 7292(d)(1) (1991). However, except to the extent that an appeal presents a constitutional issue, we may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (1991).
Mr. Vaughns’ first claim is that the CAVC erred by accepting the Board’s findings that his rectal bleeding was not service connected. He argues that because his hemorrhoids were service connected and because his rectal bleeding may have been caused by these service-connected hemorrhoids, “common sense” dictates that the rectal bleeding should be classified as service connected. We are precluded by statute from making such factual determinations or from applying the law to the facts of a veteran’s case. 38 U.S.C. § 7292(d)(2) (1991). Therefore, we lack jurisdiction over this claim.
Mr. Vaughns’ second claim is that the CAVC erred by not accepting evidence he submitted (from the Physician’s Desk Reference) which allegedly show that Dapsone and Prednisone may cause stomach problems. Mr. Vaughns here asks this court to evaluate the probative value of medical evidence, which we are precluded by statute from reviewing. 38 U.S.C. § 7292(d)(2) (1991). Therefore, we also lack jurisdiction over this claim.
Because we lack jurisdiction to review any of Mr. Vaughns’ claims, this appeal is dismissed.